517 P.2d 1309

**Brian HUMPHRIES, Plaintiff and Respondent,**

v.

**REMCO, INC., a Utah corporation, Defendant and Appellant.**

No. 13345.

Supreme Court of Utah.

Jan. 8, 1974.

Carl T. Smith and Donald J. Liddle, of Smith & Farr, Ogden, for defendant-appellant.

Jim R. Scarth, of Pickett, Scarth & Wright, St. George, for plaintiff-respondent.

HENRIOD, Justice:

Appeal from a summary judgment in favor of plaintiff after he had recorded a mechanic's lien, for an alleged balance due on a contract to lay bricks at a housing project. Affirmed in part and reversed in part. No costs awarded.

The only questions here are: 1) How many bricks were laid?, the price per brick being conceded; and 2) Are attorney's fees recoverable?

Defendant urges on appeal that: 1) There was a genuine issue of fact developed by the pleadings and discovery process; 2) That the matter should have been submitted to arbitration under one of the terms of the contract; and 3) That attorney's fees should not have been awarded.

As to 1: We have examined the comparatively short record and it appears that each of the three affidavits filed by defendant which were urged in support of this point on appeal is ineffective and conceded at argument by defendant's counsel not to be probatively responsive under Rule 56(e), Utah Rules of Civil Procedure. With respect to the answers to interrogatories incorporated by reference in one of the affidavits, we think that such interrogatories in this case, part of the pleadings, substantively create no genuine issue, since they, like the affidavits do not satisfy either the Rule or general rules of evidence as to admissibility. Under the Rule, even the interrogatories would not pass muster here. Certainly the answers to interrogatories would be subject to the rules of evidence on summary judgment. Being

sworn to, they also come within the definition of "Affidavit." [1] Counsel for defendant at no time responded in person to defend his position on this point at any regularly scheduled hearing incident to the motion for summary judgment. He failed so to respond after notice, on February 27th and 28th at such a hearing.[2] He failed to appear on April 13 to argue his own motion to set aside the judgment, even, on notice given by Scarth for a hearing, nor did he appear at a hearing on July 13 having to do with an exception to the sureties on his appeal bond. Under the same circumstances on a motion for judgment by default, one hardly could complain if such judgment were granted.

■ As to 2) above: The motion to submit the matter to arbitration came after judgment which was too late,—arbitration being designed to prevent litigation,—not to create more controversy in a brand new forum, with a brand new approach, with virtually a brand new trial,—which no doubt are solid reasons that gave rise to the almost universal rule that arbitration is not permissible after judgment.[3]

■ As to 3): Defendant takes the position that attorney's fees are not awardable in the absence of statute or express agreement or perhaps in punitive damage cases. The plaintiff in this case alleged in his complaint the filing for record of a mechanic's lien in Iron County, where the construction took place, but did not ask for its foreclosure,—for the reason, no doubt, that he could not have pursued such a remedy in Washington County, local forum in this case. It appears that defendant's point in this respect is well taken, since plaintiff's only claim for attorney's fees is based on a statute [4] that does not apply in this case. The judgment for attorney's fees is reversed, and the remainder affirmed.

The defendant in a post-judgment motion asked that in the event judgment prevailed here, the defendant be ordered to remove the lien. The record, as is, does not permit of us entertaining such request, but it would seem to have been proper.

CALLISTER, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. Webster's Third New International Dictionary: "A sworn statement in writing made especially under oath or on affirmation before an authorized magistrate or officer."

2. Minute Entry: ". . . Jim R. Scarth appearing for plaintiff, no appearance of defendant or counsel for same."

3. 25 A.L.R.3d 1171 (1969).

4. Title 38-1-18, U.C.A.1953.